# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Richard L. Lawson Jr.,**
**Petitioner Below, Petitioner**

**vs) No. 16-0537** (Kanawha County 06-MISC-320)

**David Ballard, Warden,**
**Mount Olive Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Richard L. Lawson Jr., by counsel Charles R. Hamilton, appeals the Circuit Court of Kanawha County's May 23, 2016, order denying his amended petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Gordon L. Mowen, II, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his amended habeas petition on the grounds of ineffective assistance of trial counsel and ineffective assistance of habeas counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 1996, the Kanawha County grand jury indicted petitioner and his co-defendant on one count of first-degree murder, one count of arson, five counts of forgery, and five counts of uttering. These charges stemmed from an incident in which petitioner and his co-defendant murdered Dr. Everette Knapper ("the victim"), stole multiple checks, and attempted to burn down the victim's residence to conceal their crimes.

In 1997, while the parties were prepared to proceed to trial, petitioner accepted a plea agreement in which he would plead guilty to first-degree murder. As part of the agreement, the State agreed to dismiss the remaining charges and to recommend mercy in exchange for his testimony against his co-defendant. During the plea colloquy, the circuit court thoroughly explained what constitutional rights petitioner was giving up by entering a plea of guilty. Thereafter, petitioner testified as to the factual basis for his plea agreement during which he allegedly included facts that were not previously known by the State or petitioner's trial counsel. As such, the State decided not to proceed with the plea agreement, and the parties proceeded to trial. Following a jury trial, petitioner was convicted on all counts charged in the indictment. Ultimately, the circuit court sentenced petitioner to consecutive sentences of life in prison

1

without the possibility of parole for first-degree murder, two to twenty years of incarceration for arson, and one to ten years for each count of forgery and uttering.[1]

In 2002, petitioner filed his first petition for writ of habeas corpus alleging twelve independent grounds for relief, including whether the circuit court erred in allowing the jury to hear evidence from a West Virginia State Police serologist regarding DNA testing results. After conducting an omnibus evidentiary hearing, the circuit court by order entered February 13, 2006, denied petitioner habeas relief. Thereafter, petitioner appealed the circuit court's order denying habeas relief to this Court. By order entered on November 28, 2006, this Court granted petitioner's appeal, and remanded the case to the circuit court with instructions to conduct a full evidentiary hearing on Zain III issues consistent with Syllabus Point Four of *In re Renewed Investigation of State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (2006).[2] Thereafter, multiple counsel were appointed and withdrew from representing petitioner. Ultimately, attorney Charles R. Hamilton was appointed on May 21, 2014.

In January of 2015, petitioner, by counsel filed an amended petition for writ of habeas corpus alleging, in part, ineffective assistance of counsel for: (1) failing to prepare him for the plea proceeding; and (2) for not demanding a Zain III review of the serology evidence. In October of the same year, the circuit court held an omnibus evidentiary hearing during which Beverly Selby, petitioner's trial counsel, and the prosecuting attorney testified. Regarding the issue of preparing petitioner for the plea proceedings, Ms. Selby testified that she and her co-counsel[3] specifically discussed the plea process and factual basis for the plea with petitioner

---

[1]It is unclear whether petitioner filed a direct appeal of his conviction.

[2] This Court held that:

> A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence presented by the prisoner with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Frazier,* 162 W.Va. 935, 253 S.E.2d 534 (1979).

219 W.Va. at 409, 633 S.E.2d at 763, Syl. Pt. 4

[3]Ms. Selby's co-counsel died prior to the omnibus evidentiary hearing.

2

"numerous" times, including on the morning in which petitioner was set to enter his plea agreement. Ms. Selby further testified that she met with petitioner approximately forty times during her representation. According to Ms. Selby, while petitioner was reciting the factual basis for his plea, he set forth a completely new set of facts that were inconsistent with his confession. The prosecuting attorney testified that they were unwilling to proceed with the plea agreement because the factual basis for the plea agreement was inconsistent with the facts as they were known by the State and destroyed their case against petitioner's co-defendant.

With respect to the serology evidence, Ms. Selby testified that an independent laboratory tested the DNA evidence, and reached the same results as the State's testing. Ms. Selby also consulted with attorney Lonnie Simmons regarding the DNA evidence, who opined that there was no issue with the State's DNA evidence. After, considering the evidence and the parties' arguments, the circuit court denied habeas relief by order entered May 23, 2016. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner argues that the circuit court erred in finding that he received effective assistance of trial counsel during his plea hearing. Specifically, petitioner argues that trial counsel failed to salvage the plea agreement. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on his claim of ineffective assistance of trial counsel, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's May 23, 2016, order to this memorandum decision.

Petitioner also alleges that he received ineffective assistance of his first habeas counsel because that counsel failed to argue that trial counsel was ineffective for not preparing him for the plea hearing. This Court has held:

> It is the extremely rare case when this Court will find ineffective assistance of counsel . . . . The prudent defense counsel first develops the record

3

regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, in part, *State v. Triplett*, 187 W.Va. 760, 421 S.E. 2d 511 (1992). Petitioner is raising habeas counsel's alleged ineffective assistance for the first time on appeal. If petitioner continues to believe that prior habeas counsel was ineffective, the preferred way of raising these ineffective assistance counsel claims is to file a subsequent petition for a writ of habeas corpus raising these specific issues in the court below. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (While a prior habeas corpus hearing is res judicata as to all matters either raised or should have been raised at the habeas corpus hearing, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing.").[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[4]We express no opinion as to the merits of any subsequent claim for ineffective assistance of habeas counsel.

4

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RICHARD L. LAWSON, JR.,
Petitioner,

2016 MAY 23 PM 2: 57

v.

CIVIL ACTION NO. 06-MISC-320
Criminal Case No. 96-F-79
Judge Charles E. King

DAVID BALLARD, WARDEN
MOUNT OLIVE CORRECTIONAL COMPLEX,

Respondent.

## PROPOSED FINDINGS OF FACT,
## CONCLUSIONS OF LAW AND FINAL ORDER

On the 14th day of October, 2015, came the Petitioner, Richard L Lawson, in person, and by counsel, Charles R. Hamilton, and came the Respondent, by Maryclaire Akers, Assistant Prosecuting Attorney in and for Kanawha County, for purposes of an evidentiary hearing on the above referenced habeas corpus action on the two following issues: Evaluation of the DNA evidence in the trial and ineffective assistance of counsel. Pursuant to the Court's request, the State submits the following findings of fact and conclusions of law:

## FINDINGS OF FACT PROCEDURAL HISTORY

1. On April 3, 1996, Richard L. Lawson was indicted by the Kanawha County January Term 1996 Grand Jury for murder, arson, forgery and uttering.

2. Attorneys Beverly Selby and Michael Cline were appointed to represent Petitioner on said charges. Michael Cline withdrew from representation and Nathaniel Hicks was appointed. Both Mr. Cline and Mr. Hicks have since passed away. The case proceeded to jury trial in February 1997.

3. On February 11, 1997 a jury found the defendant guilty of all twelve counts in the indictment.

1

4.     Immediately before the trial, the Petitioner attempted to enter a plea to first degree murder. During the plea, the State indicated it could lay the factual basis if the Court required. However, the Court instead inquired of the Petitioner. After Petitioner gave the factual basis, the State indicated it was not consistent with the facts and the Court began trial.

5.     On March 6, 1997, Petitioner was sentenced to a life sentence without the possibility of parole for murder, two to twenty years in the penitentiary for arson, and one to ten years in the penitentiary for each count, for five counts of forgery and five counts of uttering, all sentences to run consecutively.

6.     On November 12, 1998, the petitioner's co-defendant, Frank E. West, entered a plea to a fifteen year determinate sentence to arson and the murder charge was dismissed.

7.     The Petitioner is currently incarcerated at the Mount Olive Correctional Complex.

8.     Richard L. Lawson first filed a pro se Writ of Habeas Corpus and counsel Matthew Victor was appointed to represent him. The issue of the factual basis of the plea was not listed as an error.

9.     After the February 13, 2006 omnibus hearing was held, a subsequent Order was entered denying petitioner's Habeas Corpus.

10.     On September 9, 2006, Petitioner filed a pro se appeal of the denial with the Supreme Court of Appeals of West Virginia. On November 22, 2006, the Supreme Court of Appeals of West Virginia granted the appeal and remanded the case back to the Honorable Charles E. King for a full evidentiary hearing on Zain III issues.

11.     Several counsel were appointed and withdrew from representation of Richard

2

L. Lawson and Charles R. Hamilton was appointed on May 21, 2014.

## EVALUATION OF DNA EVIDENCE: ZAIN III
## FINDINGS of FACT AND CONCLUSIONS OF LAW

12. On October 14, 2105, at the Omnibus hearing, former trial counsel Beverly Selby testified regarding the DNA evidence admitted at trial.

13. Selby testified at the evidentiary hearing that she challenged the DNA evidence at trial on two basis: (1) the chain of custody and (2) the testimony of the State Police DNA expert, Trooper Myers.

14. Specifically, Selby testified there was one overnight shipping transfer of the DNA evidence that could not be accounted for in the chain of custody. She also questioned State Police expert witness Myers regarding a mixture of blood on an item that could not be excluded as being from Petitioner. As a result, Selby asked the trial Court for a mistrial, instead the Court gave a cautionary instruction.

15. Regarding the reliability of the DNA results, Selby also testified the State's DNA results had been reviewed by Roche Laboratories, an independent laboratory prior to trial. The result from Roche and the State's expert were the same.

16. At the October 2015 hearing, Ms. Selby also testified she also sought the opinion of Charleston attorney Lonnie Simmons, another expert on DNA regarding the State's results. She indicated the Mr. Simmons also felt there was no basis to challenge the State's DNA result.

17. Trial counsel Selby also testified the DNA evidence used by the State at trial was independently tested by Roche Laboratories with the same result as the State laboratory. Those results were available prior to trial and were reviewed with Petitioner.

18. Petitioner also maintains that his petition should be granted pursuant to the Court's

3

decision in In the Matter of Renewed Investigation of the State Police Crime Laboratory, 219 W.Va. 408, 633 S.E.2d 762 (2006) (hereinafter, "Zain III") because his conviction falls within the time period of 1979 and 1999, and since a serologist other than Fred Zain offered evidence against him.

19. In Syllabus Point 1 of Zain III, the Court reiterated that: " 'Although it is a violation of due process for the State to convict a defendant based on false evidence, such conviction will not be set aside unless it is shown that the false evidence had a material effect on the jury verdict.' Syllabus Point 2, Matter of W.Va. State Police Crime Lab., 190 W.Va. 321, 438 S.E.2d 501 (1993) [Zain I]."

20. Here, the DNA evidence offered at trial by the State had been independently tested by Roche Laboratories with the same result prior to trial. Thus, it cannot be found to fall into the category of Zain III.

21. Based on the testimony of Ms. Selby, this Court FINDS the DNA results admitted at trial were evaluated by an independent laboratory prior to trial. The Court further FINDS the result of the independent laboratory were identical to the results of the State Police expert.

22. The Court also FINDS that as a result of independent testing and Selby's consultation with independent experts and others, there are no issues to be addressed pursuant to (ZAIN III). Further, this Court FINDS the admission of these results did not result in prejudice toward the Petitioner.

## FINDING OF FACT AND CONCLUSIONS OF LAW: PETITIONERS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

1. In West Virginia ineffective assistance of counsel claims are governed by the two pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). The two-pronged test consists of whether: (1) counsel's performance was deficient under an objective standard

4

of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3 (1995).

2. In regard to the first requirement, Petitioner must first "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *State ex rel. Myers v. Painter*, 213 W.Va. 32 (2002) (citing *Strickland*, 466 U.S. at 690).

3. The West Virginia Supreme Court has provided the following standards for reviewing counsel performance:

> Court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second -guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Miller at Syl. Pt. 6.

4. Importantly, "[t]he petitioner's burden in this regard is heavy, as there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." Vematter, 207 W.Va. at 17 (internal citation omitted)

5. Moreover, in evaluating counsel's performance, the Supreme Court of Appeals of West Virginia held that the courts must avoid the use of hindsight when evaluating counsel's conduct. "Rather, under the rule of contemporary assessment, an attorney's actions must be examined accordingly to what was known and reasonable at the time the attorney made his or her choices,"*Legursky* at Syl. Pts. 3 & 4.

6. In regard to the second prong of the test, the reviewing court must determine whether counsel's deficient performance adversely affected the outcome in a given case. *State ex rel.*

5

*Myers v. Painter*, 213 W.Va. at 36. More importantly, a petitioner must demonstrate that the complained of deficiency or errors of counsel resulted in prejudice or a "reasonability probability" that in the absence of error the result would have been different. ID. Finally, "[i]n deciding ineffective assistance of counsel claims, a coml: need not address both pongs of the conjunctive standard of *Strickland v. Miller*, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *State ex rel. Edgell v. Painter*, 206 W.Va. 168 (2002) (citing *State ex rel. Daniel v. Legursky*, 195 W.Va. 314).

7. At the October Omnibus hearing, Ms. Selby testified the State offered Petitioner a plea agreement to First Degree Murder and that Petitioner decided to accept said plea prior to trial. Pursuant to the offer, the State agreed to recommend a finding of mercy in exchange for Petitioner's agreement to testify against his co-defendant.

8. On the date of the plea, the State offered to lay the factual basis for Petitioner. However, the Court inquired of Petitioner about the events of the murder. After Petitioner gave the Court his factual basis, the State indicated Petitioner's story to the court was not consistent with the facts of the case. As a result, the Court refused the plea and proceeded to trial.

9. Selby testified that the Petitioner's factual basis included facts he had never shared with counsel prior to that day, nor had he shared with police during his statement. Specifically, Petitioner indicated a third party was present when he and his co-defendant attempted to burn the victim and the victim's house to destroy evidence.

10. At the October hearing, Selby testified that in her extensive experience doing criminal work, both prosecution and defense, she recognized Petitioner completely lost his value as a witness to the state when he gave the factual basis under oath on the day of trial.

6

11.     Selby further testified that she, her investigator, and Nathan Hicks met with Petitioner on the day of trial and prior to the plea. Petitioner also testified that his lawyers took him "off to the side" that day but that he doesn't recall what was discussed.

12.     Selby also testified that in the estimated minimum forty (40) times she and/or her investigator met with Petitioner, he indicated he would not cooperate against his co-defendant because he did not want to be a "rat."

13.     As Selby recognized the State could not use Petitioner's factual basis and that Petitioner had repeatedly said he did not want to be a "rat," Selby and the defense indicated they were ready for trial.

14.     Matthew Victor, Petitioner's counsel in the first Habeas proceeding also testified. Victor stated that if Petitioner had raised ineffectiveness of counsel as a basis to him and he found merit in the claim, he would have included it in the Habeas he prepared.

15.     Petitioner failed to prove his first habeas corpus attorney, Matthew Victor, was ineffective during Petitioner's prior habeas corpus petition. Mr. Victor testified that had Petitioner raised the issue, he would have investigated Petitioner's claims and included them in the first petition.

16.     Petitioner also fails to prove his trial counsel were ineffective in preparing him for his plea of guilty on the day of trial. Trial counsel Selby testified the defense team had met with Petitioner a minimum of forty (40) times prior to the day of trial. She also testified she, her investigator and co-counsel met with Petitioner on the day of trial to prepare him for his plea. Although a court reporter was present, no transcript was prepared.

17.     Selby also testified that in all of the previous meetings, including on the day of the plea and trial, Petitioner never told her or anyone else on the defense the facts which he gave the

7

Court as a basis for his plea.

18. Selby also indicated that in all previous meetings when testimony against his co-defendant was raised; Petitioner indicated he did not want to be a "rat."

19. Mr. Morris testified the facts given by Petitioner on the day of the plea were inconsistent with the evidence and therefore Petitioner could not be used as a witness against his co-defendant.

20. Former habeas corpus lawyer, Matthew Victor, testified at the evidentiary hearing, that the issue of the trial counsel failing to prepare her client for his plea and failing to ask the State to enter the factual basis was not assigned as an error in his habeas corpus.

21. Thus, this Court **FINDS** Petitioner has not met the test in *Strickland v. Washington,* supra. Therefore, this Court Petitioners Petition for Habeus Corpus is denied.

## CONCLUSION

Based upon the testimony presented at the evidentiary hearing in this matter and the record as a whole, Petitioner's grounds of unrealiable evidence pursuant to Zain III and of ineffectiveness of trial counsel and is without merit and his Petition for Writ of Habeas Corpus is **DENIED**.

ENTERED THIS 23rd day of ___May___ , 2016

_____
CHARLES E. KING, JR., JUDGE
Thirteenth Judicial Circuit

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF THE CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 25
DAY OF _____ 2016
_____ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

8